UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DONALD R. LEE-EDWARDS, HOWARD
NEWLAND, SHON BRUCE, OMAR ZANDER,
BRYANT McCASKILL, MARCELLIN HYMAN,

                          Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTION; DEPUTY ESPADA; C.O.
SIMPSON, Shield #9495; CAPTAIN FIGUEROA,
Shield #1473; C.O. MITCHELL, Shield #9627; C.O.
SEARCHWELL, Shield #15695,

                          Defendants.
------------------------------------------------------------ x

MEMORANDUM & ORDER

16-cv-0725 (ENV) (MDG)

VITALIANO, D.J.,

On February 9, 2016, plaintiffs, each on their own behalf proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983. The Court grants Newland and Zander's applications to proceed *in forma pauperis* ("IFP application"), pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, the Clerk of Court is directed to dismiss plaintiffs Donald R. Lee-Edwards, Shon Bruce, Bryant McCaskill and Marcellin Hyman from the action without prejudice. The complaint itself is also dismissed and the remaining plaintiffs, Newland and Zander, are granted 30 days' leave from the entry of this order on the docket to file an amended complaint in accordance with the terms and conditions of the grant of leave.

## Background

Newland and Zander allege that, on November 24, 2015, another inmate, Jerry Wilson, who is not named as a party, discovered a mouse "stewed" in his lunch meal of vegetarian chili



and rice while they were all eating the same food together in the mess hall of Otis Bantum Correctional Center at Rikers Island ("OBCC"), a New York jail facility. Compl. at 3, 18, 23. Zander alleges that he now has "anxiety, panic attacks when it come time to go to feeding here in jail," and seeks $50,000 for pain and suffering and "mental anguish." *Id.* at 18, 20. Newland also seeks $50,000 in damages and alleges that he has been diagnosed with arachnophobia, has a "phobia of mice," and he keeps "reliving the sight of that vermin on his tray." *Id.* at 23, 25.

At the time of filing, all six named plaintiffs were incarcerated at the OBCC. The Court did not receive the requisite filing fee or Prisoner Authorization form as required under the Prison Litigation Reform Act ("PLRA") to commence this action from Lee-Edwards, Bruce, McCaskill or Hyman. By letters, dated February 11, 2016, the Clerk of Court provided Lee-Edwards, Bruce, McCaskill and Hyman with notice of the deficiency and enclosing the proper forms required in order to proceed. Each was instructed to either pay the fee or return the completed Prisoner Authorization form within 14 days from the date of the letter. *See* Dkt. Entries 8, 9, 10, 11. On February 29, 2016, the letter sent to McCaskill was returned by the United States Postal Service as undeliverable. *See* Dkt. Entry 13. To date, McCaskill, Lee-Edwards, Bruce and Hyman have neither paid the filing fee nor filed a completed Prisoner Authorization form to proceed with this action. As a result, regardless of what may otherwise be alleged in any amended complaint, the claims against these defendants as to these plaintiffs is dismissed without prejudice.

## Standard of Review

*Pro se* pleadings are held to less stringent standards than those drafted by attorneys, and the Court is required to read a *pro se* complaint liberally and interpret it as raising the strongest

arguments it suggests. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). Moreover, at the pleadings stage of a litigation, the district court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). *See also* 28 U.S.C. § 1915(e)(2)(B).

## Discussion

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state

3

law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Okla. City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985)).

### A. Prison Litigation Reform Act

At the outset, the Court notes that the PLRA establishes that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). A "plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury." *Thompson v. Carter*, 284 F.3d 411, 417 (2d Cir. 2002). On the other hand, § 1997e(e) only limits the recovery for emotional and mental injury in the absence of physical injuries; it does not bar a plaintiff from bringing a lawsuit or from obtaining nominal or punitive damages, or injunctive and declaratory relief. *Id.* at 418. Nonetheless, a district court may dismiss a complaint that seeks compensatory damages "solely for an emotional injury without any claim of physical injury." *Id.* at 419. Here, neither Newland nor Zander allege that they suffered any physical injury as a direct result of eating the alleged vermin-tainted meal on November 24, 2015. With respect to any such claim, the complaint is silent.

### B. Individual Defendants

Furthermore, in a civil rights action, a plaintiff must demonstrate a defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991); *Sage-El v. Tully*, No. 15-CV-5606 (JG), 2015 WL 6455242, at *2 (E.D.N.Y. Oct. 26, 2015); *Leibovitz v. City of New York*, No. 15-CV-1722 (KAM), 2015 WL 3971528, at *4 (E.D.N.Y. June 30, 2015). A plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Here, Newland and Zander name five individual defendants, Captain Figueroa, Deputy Captain Espada, C.O. Simpson, C.O. Searchwell and C.O. Mitchell, who appear to have been guarding the mess hall at the time of the charged incident. However, the only alleged involvement of any of them is that subsequent to Wilson claiming to have discovered the mouse in his food, he showed his lunch tray to Captain Figueroa and Deputy Captain Espada. Compl. at 23. Newland and Zander do not sufficiently allege that any of these individual defendants had any direct involvement with, knowledge of, or responsibility for acts or omissions causing a deprivation of their civil rights.

C. Claims Against the City of New York Department of Correction

Newland and Zander's claims also cannot proceed against the New York City Department of Correction. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396 (2009), *available at* http://www.nyc.gov/html/charter/downloads/pdf/citycharter2009.pdf. This provision has been

5

construed to mean, generally, that New York City departments and agencies, as distinct from the City itself, cannot be sued. *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008); *Adams v. Galletta*, 966 F. Supp. 210, 212 (E.D.N.Y. 1996) (DOC not a suable entity); *Campbell v. New York City*, No. 12-CV-2179 (CBA), 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2012) (dismissing all claims against the NYPD and DOC as non-suable entities). Moreover, even if this claim was to be construed as being brought directly against the City of New York, nothing remotely suggests that a § 1983 municipal liability claim might be stated. *See Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

## Conclusion

Accordingly, the Clerk of Court is directed to dismiss plaintiffs Donald R. Lee-Edwards, Shon Bruce, Bryant McCaskill and Marcellin Hyman from this action without prejudice and to amend the caption accordingly. With caption amended, the complaint is dismissed against the New York City Department of Correction with prejudice and against Deputy Espada, C.O. Simpson, Shield #9495, Captain Figueroa, Shield #1473, C.O. Mitchell, Shield #9627 and C.O. Searchwell, Shield #15695 without prejudice. 28 U.S.C. §§ 1915A; 1915(e)(2)(B).

In light of this Court's duty to liberally construe *pro se* complaints, Newland and Zander are given 30 days' leave from the date this order is entered on the docket to file an amended complaint against the individual defendants. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). They are instructed that their amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and include all relevant known facts and dates. Should they elect to file an amended complaint, they must set forth factual allegations to support their claim against each named defendant and describe how each defendant was personally involved in the alleged deprivation of their federal rights. Newland and Zander must also allege what physical

injuries they suffered as a result of the alleged involvement of each named defendant they claim deprived them of their federal rights.

The amended complaint must bear the amended caption, be identified as an "Amended Complaint," and also bear the same docket number as this order. No summonses shall issue at this time and all further proceedings shall be stayed until further leave of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

So Ordered.

Dated: Brooklyn, New York
June 9, 2016

/s/ USDJ ERIC N. VITALIANO

ERIC N. VITALIANO
United States District Judge



7