UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
HOWARD NEWLAND, OMAR ZANDERS,

        Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTION; DEPUTY ESPADA; C.O.
SIMPSON, Shield #9495; CAPTAIN FIGUEROA,
Shield #1473; C.O. MITCHELL, Shield #9627; C.O.
SEARCHWELL, Shield #15695,

        Defendants.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

16-cv-725 (ENV) (ST)

VITALIANO, D.J.,

On February 9, 2016, plaintiffs Donald R. Lee-Edwards, Howard Newland, Shon Bruce, Omar Zanders, Bryant McCaskill and Marcellin Hyman, each on their own behalf proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiffs alleged that on November 24, 2015, they were served a lunch meal of vegetarian chili and rice with a mouse "stewed" in it while they were in the mess hall of Otis Bantum Correctional Center at Rikers Island ("OBCC"), a New York jail facility.

### Procedural Background

By Memorandum and Order dated June 9, 2016, the Court granted Newland and Zanders's applications to proceed *in forma pauperis* ("IFP application"), pursuant to 28 U.S.C. § 1915(a) and dismissed plaintiffs Lee-Edwards, Bruce, McCaskill and Hyman from the action without prejudice. The complaint against the New York City Department of Correction was dismissed with prejudice, and the claims against the five individually named defendants, Deputy Espada, C.O. Simpson, Shield # 9495, Captain Figueroa, Shield # 1473, C.O. Mitchell, Shield #

1

9627 and C.O. Searchwell, Shield # 15695, were dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Consistent with the solicitude commanded by case law, Newland and Zanders were granted 30 days leave to file an amended complaint to set forth factual allegations to support their claim against each named defendant and describe how each defendant was personally involved in the alleged deprivation of their federal rights. Newland and Zanders were further directed that they must also allege what physical injuries they suffered as a result of the alleged involvement of each named defendant they claim deprived them of their federal rights.

On July 19, 2016, Newland filed a one-page non-captioned "Amended Complaint" that states, "I Howard Newland experienced headaches and vomiting. I also came on to a bad fever, as well as rashes on my skin." Dkt. No. 25 at 1. Newland, additionally, recounts in one or two sentences the physical ailments experienced by the other originally-named plaintiffs. He does not mention the individually-named defendants, let alone state how they were personally involved in the alleged deprivation of his rights.

On August 1, 2016, Zanders filed an amended complaint, again naming the same five individual defendants. Zanders's complaint alleges that since November 24, 2015, he has "been dealing with stomach pains, cramps and nausea, which are also followed by diarrhea, light headness [sic]." Dkt. No. 28 at 3. Zanders further states that, "the feeding area and housing area have been infested with mice and that they both had been exterminated[,]" and "[a]ll CO's in this complaint had well-known knowledge of this infestation problem in [both areas]." *Id.*

## Discussion

At this stage, Newland and Zanders' amended complaints sufficiently allege that they suffered physical injury as a direct result of eating the alleged vermin-tainted meal on November

2

24, 2015. However, the amended complaints do not allege any personal involvement by Captain Figueroa, Deputy Captain Espada, C.O. Simpson, C.O. Searchwell or C.O. Mitchel. As discussed in this Court's June 9, 2016 Memorandum and Order, in a civil rights action, a plaintiff must demonstrate a defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991); *Sage-El v. Tully*, 2015 WL 6455242, at *2 (E.D.N.Y. Oct. 26, 2015); *Leibovitz v. City of New York*, 2015 WL 3971528, at *4 (E.D.N.Y. June 30, 2015). A plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "Personal involvement may be shown by 'direct participation,' which requires in this context 'intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal.'" *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (quotations and citations omitted). The statement by Zanders that "[a]ll CO's in this complaint had well-known knowledge of this infestation problem in the feeding area and the housing area," does not attribute any act or omission directly to the five named defendants, or show that they had any direct involvement with, knowledge of, or responsibility for acts or omissions causing a deprivation of Newland or Zanders's civil rights, as is required.

## Conclusion

Newland's and Zanders's complaints are dismissed in their entirety, but in what is no doubt with an abundance of solicitude, without prejudice, with leave to amend as follows: Newland and Zanders are given an additional 30 days' leave from the date this order is entered on the docket to file a second amended complaint against the individual defendants. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). They are once again instructed that their filing must

comply with Rule 8(a) of the Federal Rules of Civil Procedure and include all relevant known facts and dates. Should they elect to file a second amended complaint, the amendment process should be guided as follows: Newland and Zanders must set forth factual allegations to support their claim against *each* named defendant; describe how *each* named defendant was personally involved in the alleged deprivation of their federal rights; and set forth a tangible connection between the alleged acts and the injuries suffered. As in the previous complaint, their claims against the Department of Correction are dismissed with prejudice and they are denied leave to amend as to that agency.

The second amended complaint must be identified as a "Second Amended Complaint," and also bear the same docket number as this order. No summonses shall issue at this time and all further proceedings shall be stayed until further leave of the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this memorandum and order to the parties at their last known address as they appear on the docket.

So Ordered.

Dated: Brooklyn, New York
March 25, 2018

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge