UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
HOWARD NEWLAND and OMAR ZANDER,

                 Plaintiffs,

    -against-

WARDEN OF OTIS BANTAM CORRECTION
CENTER,

                 Defendant.
---------------------------------------------------------------- x

MEMORANDUM & ORDER

16-cv-725 (ENV) (ST)

VITALIANO, D.J.,

    In February 2016, plaintiffs Howard Newland and Omar Zander, proceeding *pro se*, filed a complaint under § 1983. After both men were given leave to amend for a second time, Zander, still proceeding *pro se*, has filed his second amended § 1983 complaint; Newland has not. Zander alleges that on November 24, 2015, he was served a lunch meal of vegetarian chili and rice with a mouse "stewed" in it while he was in the mess hall of Otis Bantum Correctional Center at Rikers Island ("OBCC"), a New York jail facility. The lone remaining named defendant is the Warden; the litigation trek has been long and winding.

## Procedural Background

    By Memorandum and Order, dated June 9, 2016, the Court granted Newland and Zander's applications to proceed *in forma pauperis* ("IFP application"), pursuant to 28 U.S.C. § 1915(a) and dismissed four other plaintiffs from the action without prejudice. The complaint against the New York City Department of Corrections was dismissed with prejudice, and the claims against five individually named defendants, were dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

1

Consistent with the solicitude due *pro se* pleaders, Newland and Zander were granted 30 days leave to file an amended complaint. On July 19, 2016, Newland filed a one-page non-captioned "Amended Complaint," and, on August 1, 2016, Zander filed an amended complaint. By Memorandum and Order, dated March 25, 2018, the amended complaints filed by Newland and Zander were found to sufficiently allege that they suffered physical injury as a direct result of eating the alleged vermin-tainted meal on November 24, 2015. However, the amended complaints did not allege any personal involvement by any of the several named defendants. Accordingly, the Court dismissed those amended complaints in their entirety, but granted plaintiffs an additional 30 days' leave to file second amended complaints against individual defendants only.

On May 1, 2018, the copy of the Court's March 25, 2018 Order sent to Newland at the Otis Bantum Correctional Center on Rikers Island was returned to the Court by the United States Postal Service as undeliverable. As Newland has not provided the Court with a proper mailing address, or filed another amended complaint, the Court has no way of contacting him and has no choice but to dismiss his action.[1] However, on May 22, 2018, Zander filed a second amended complaint against the Warden of Otis Bantum Correctional Center at Riker's Island.

## Discussion

Zander's second amended complaint sufficiently alleges that he suffered physical injury as a direct result of eating the alleged vermin-tainted meal on November 24, 2015. He also alleges direct knowledge by the Warden of this meal and of the kitchen conditions. Knowledge

---

[1] See Williams v. Suffolk Cnty, 2014 WL 5427980, at *2 (E.D.N.Y. Oct. 22, 2014) (citing Concepcion v. Ross, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997) ("When a party changes addresses, it is his obligation to notify the Court of his new address.").

of injury-causing conduct, of course, does not necessarily equate to liability. As discussed in this Court's June 9, 2016, and March 25, 2018, Memorandums and Orders, in a civil rights action, a plaintiff must demonstrate a defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). A plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Where, as here, a supervisory defendant is alleged to be involved, personal involvement may be shown by evidence that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). Zander alleges that the Warden knew of the conditions, and allowed them to continue. That is sufficient, at this stage, to allow the complaint to proceed.

## Conclusion

In line with the foregoing, the action filed by plaintiff Howard Newland is dismissed. Plaintiff Omar Zander's second amended complaint shall proceed. The United States Marshals Service is directed to serve the summons, Zander's second amended complaint and the Court's

3

order upon defendant Warden, Otis Bantum Correctional Center, without prepayment of fees. The case is respectfully referred to Magistrate Judge Steven Tiscione for pretrial supervision. The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this memorandum and order to the parties at their last known address as they now appear on the docket.

So Ordered.

Dated: Brooklyn, New York
July 16, 2018

/S/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge