FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 26 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
OMAR ZANDER,

                    Plaintiff,

        -against-

WARDEN, OTIS BANTUM CORRECTIONAL
CENTER,

                    Defendant.
---------------------------------------------------------------- x

ORDER

16-cv-725 (ENV) (ST)

VITALIANO, D.J.

*Pro se* plaintiff Omar Zander commenced this § 1983 action against the Warden of Otis Bantum Correctional Center (the "Warden") on February 9, 2016, alleging that he was subject to unconstitutional prison conditions when he was served a stew containing a dead mouse. Compl., Dkt. 1. Having been granted leave to amend his complaint twice, Zander filed a Second Amended Complaint on May 22, 2018. 2d Am. Compl., Dkt. 34. The Warden filed a motion to dismiss the Second Amended Complaint on October 3, 2018, which was referred to Magistrate Judge Steven Tiscione for a Report & Recommendation ("R&R") on April 4, 2019. Mot. to Dismiss, Dkt. 44.

On August 27, 2019, Judge Tiscione issued his R&R, recommending that the Warden's motion to dismiss be granted, but that Zander be granted leave to amend and refile.[1] R&R, Dkt.

---

[1] Judge Tiscione recommended, however, that the grant of leave not be extended to two of Zander's claims. First, he found, Zander's claim for equitable relief should be dismissed as

1

50, at 12. Judge Tiscione found that Zander established both prongs of unconstitutional confinement under the Fourteenth Amendment, but found that Zander had failed to sufficiently allege municipal liability, which is required here because the Warden is being sued in his official capacity. *Id.* at 7–12. Nonetheless, Judge Tiscione recommended that Zander be given the opportunity to amend this defect because this Court has not previously addressed Zander's need to establish municipal liability. *Id.* at 12 n.5.

Notice of time to object to the R&R was given. *Id.* at 13. Neither party filed any objections within the prescribed time to do so.[2]

## Discussion

Where no party has objected to a magistrate judge's report and recommendation, clear error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Having carefully reviewed Judge Tiscione's R&R in accordance with this standard, the Court finds it to be correct, well-reasoned and free of any clear error. The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court.

## Conclusion

For the foregoing reasons, the R&R is adopted, in its entirety, as the opinion of the Court.

---

moot because Zander is no longer in custody at Otis Bantum Correctional Center. R&R at 12. Second, Judge Tiscione found that Zander's claim under § 70 of the New York State Correction Law should be dismissed for lack of subject matter jurisdiction. R&R at 2 n.2.

[2] The record reflects that Zander was mailed a copy of the R&R on October 25, 2019. Oct. 25, 2019 Order.

The Warden's motion to dismiss the Second Amended Complaint is granted. Zander's claim for equitable relief is dismissed as moot, and his claim under § 70 of the New York State Correction Law is dismissed without prejudice with leave to refile in a state court of competent jurisdiction. Zander's claim for damages under 42 U.S.C. § 1983 is dismissed without prejudice, but solely to the extent that he will be granted leave to replead municipal liability, and he must do so within 30 days of the entry of this Order on the docket. If Zander fails to do so, his Complaint will be dismissed with prejudice. Should Zander file a further amended complaint, it must bear the same caption and docket number as this Order, and the Warden is directed to answer the amended complaint no later than 30 days after its service and entry on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this memorandum and order to plaintiff at his last known address as it now appears on the docket.

So Ordered.

Dated: Brooklyn, New York
November 15, 2019

                                                    s/ Eric N. Vitaliano
                                                    ERIC N. VITALIANO
                                                    United States District Judge